IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT EARL CLAYBORNE JR., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LINCOLN, LINCOLN POLICE DEPARTMENT, PARKER, Officer, #1577, Individual capacity and official capacity; JAMES, Sgt, #1370, Individual capacity and official capacity; CHAD HEIN, Officer, #1552, Individual capacity and official capacity; RIPLEY, Officer, #1256, Individual capacity and official capacity; MESSERSMITH, Officer, #1568, Individual capacity and official capacity; KOUNOVSKY, Officer, #1593, Individual capacity and official capacity; and SUNDERMEIER, Captain, #717, Individual capacity and official capacity; <br><br> Defendants. | 8:17CV481 <br><br> **MEMORANDUM AND ORDER** |

      Plaintiff filed a Complaint on December 18, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

      Plaintiff is a prisoner in the custody of the Nebraska Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 against the City of

1

Lincoln, Nebraska ("City of Lincoln"); the City of Lincoln Police Department ("Lincoln Police Department"); and several City of Lincoln Police Officers in their individual and official capacities. (Filing No. 1.) Plaintiff is currently confined at the Tecumseh State Correctional Institution in Tecumseh, Nebraska. (*Id.* at CM/ECF pp. 1-2.)

In his Complaint, Plaintiff claims that he was subject to an unreasonable search and seizure and excessive force in violation of his rights under the 4th and 14th Amendments. (*Id.* at CM/ECF p. 5.) Specifically, Plaintiff alleges:

> The Defendants conspired [and] forced entry inside [his] home to arrest [him] without an arrest warrant or search warrant or without consent or exigent circumstances resulting in psychological harm and physical harm of placing [him] in detention in the Lancaster County Jail and then obtained a search warrant to search [his] home while he was a mental[ly] disabled adult.

(*Id.* at CM/ECF pp. 4-5.)[1] Plaintiff also cites the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, as legal authority for his claims. (*Id.* at CM/ECF p. 5.)

Plaintiff alleges that he has suffered a number of harms, including physical injury, "mental distress, emotional disturbance, excessive force, [and] false arrest." (*Id.*) Plaintiff seeks to recover monetary damages. (*Id.* at CM/ECF p. 6.)

---

[1] Plaintiff refers the court to attachments submitted with his Complaint as forming the basis of his claims. (Filing No. 1 at CM/ECF p. 5.) The attachments submitted by Plaintiff consist of an incomplete police investigation report regarding the alleged unlawful entry into Plaintiff's home and Plaintiff's arrest on December 27, 2011; a warrant for Plaintiff's arrest from the State of Wisconsin; and excerpts from a preliminary hearing in Plaintiff's criminal case for second-degree domestic assault. (*Id.* at CM/ECF pp. 8-25.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

### A. Section 1983 Claims

#### 1. Lincoln Police Department

Because a city police department is not a suable entity, Plaintiff's claims against the Lincoln Police Department must be dismissed without prejudice. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (in pro se § 1983 action, "The West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such. They are simply departments or subdivisions of the City government."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (§ 1983 action against county jail and county sheriff's department must be dismissed without prejudice because they are not legal entities subject to suit) (citing cases) (unpublished); *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1097-98 (D. Neb. 2015) (city police departments may not sue and be sued); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 707 (D. Neb. 2004) (city police department is agency of city and has no separate legal status under Nebraska law); *Williams v. Raynor Rensch & Pfieffer*, No. 8:11CV446, 2015 WL 2127095 (D. Neb. May 6, 2015) (city police department is subdivision or department of city government and is not separately subject to suit).

#### 2. City of Lincoln and City of Lincoln Police Officers in Official Capacities

Plaintiff sues the City of Lincoln and City of Lincoln Police Officers James, Sundermeier, Parker, Hein, Ripley, Messersmith, and Kounovsky in their official capacities. (Filing No. 1 at CM/ECF p. 1.) "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"—here, the City of Lincoln. *Marsh v. Phelps Cnty.*, No. 17-1260, 2018 WL 3863923, at *4 (8th Cir. Aug. 15, 2018) (internal quotation and citation omitted); *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A

suit against a public employee in his or her official capacity is merely a suit against the public employer.").

As a municipal defendant, the City of Lincoln may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff has not presented any allegations even suggesting the existence of an official policy or custom. Therefore, as currently drafted, Plaintiff's Complaint fails to state a cognizable claim against the City of Lincoln and Lincoln Police Officers James, Sundermeier, Parker, Hein, Ripley, Messersmith, and Kounovsky in their official capacities. However, the court will grant Plaintiff leave to file an Amended Complaint to allege such a claim *if factually supported*.

5

### 3. City of Lincoln Police Officers in Individual Capacities

Plaintiff's section 1983 claims against Lincoln Police Officers James, Sundermeier, Parker, Hein, Ripley, Messersmith, and Kounovsky rest on their alleged violation of Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure and excessive force during the events of December 27, 2011.

The Fourth Amendment, applicable to the States through the Fourteenth Amendment, protects the right of people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. U.S. Const. amend. IV. The Fourth Amendment's right to freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). "An excessive force claim is evaluated under the reasonableness standard of the Fourth Amendment." *Coker v. Arkansas State Police*, 734 F.3d 838, 842 (8th Cir. 2013) (internal quotation and citation omitted).

To show a Fourth Amendment violation by the use of force, a plaintiff must establish (1) that he was "seized" within the meaning of the Fourth Amendment and (2) that an officer's use of force was objectively unreasonable given the facts and circumstances of the incident as "judged from the perspective of a reasonable officer on the scene." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1209 (8th Cir. 2013).

To constitute a "seizure" under the Fourth Amendment, there must be a willful or intentional application of physical force, as determined by the "officer's objective behavior," or the plaintiff's submission to the police officer's show of authority. *Atkinson*, 709 F.3d at 1208. A seizure must "restrain[ ] . . . freedom of movement," but the "restraint need not actually succeed in stopping or holding [the person] even for an instant." *Id.* (internal quotations, alterations, and citations omitted) (police

officer's "bull rush" at plaintiff was "more than enough physical force to effect a seizure under the Fourth Amendment" (citing cases)).

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Samuelson v. City of New Ulm*, 455 F.3d 871, 875 (8th Cir. 2006) (internal citations and quotations omitted); *see also Rohrbough v. Hall*, No. 4:07CV00996, 2008 WL 4722742, at *4 (E.D. Mo. Oct. 23, 2008) ("The Court must consider factors such as the severity of the suspected crime, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting or attempting to evade arrest.").

In light of the liberal construction afforded to pro se litigants' pleadings, the court finds that Plaintiff has stated viable Fourth Amendment claims against Lincoln Police Officers James, Sundermeier, Parker, Hein, Ripley, Messersmith, and Kounovsky in their individual capacities, as they were the officers alleged to be directly involved in entering Plaintiff's home and applying force to Plaintiff.[2] However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.[3] Further, no summonses

---

[2] To the extent judgment in favor of Plaintiff on any of his claims would call his criminal conviction and present confinement into question, his claims for relief are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus); *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

[3] It appears that Plaintiff's claims are based on events that occurred in 2011, which raises the question whether this case should be dismissed as barred by the statute of limitations. *See Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904, 912-13 (D. Neb. 2004) (affirming dismissal of section 1983 claim that alleged, among other

will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

**B. ADA Claim**

Plaintiff cites the ADA as additional legal authority to support his claims. ([Filing No. 1 at CM/ECF p. 5](#).)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." [42 U.S.C. § 12132](#). The term "public entity" is defined as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." [42 U.S.C. § 12131(1)](#).

To state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability. *[Randolph v. Rodgers](#)*, [170 F.3d 850, 858 (8th Cir. 1999)](#)).

Plaintiff's Complaint fails to plausibly allege the elements of a claim under the ADA. Indeed, other than a brief reference to being a mentally disabled adult and citation to the ADA, the nature of Plaintiff's alleged claim under the ADA is unclear

---

things, an improper arrest because the four-year statute of limitations found in [Neb. Rev. Stat. § 25-207](#) had run). Plaintiff has alleged that he is mentally disabled. *See* [Neb. Rev. Stat. § 25-213](#) ("[I]f a person entitled to bring any action mentioned in Chapter 25 . . . is, at the time the cause of action accrued, within the age of twenty years, a person with a mental disorder, or imprisoned, every such person shall be entitled to bring such action within the respective times limited by Chapter 25 after such disability is removed."). Thus, out of an abundance of caution, the court declines at this time to dismiss the case as being barred by the statute of limitations. Of course, this order does not preclude Defendants from later filing a motion to dismiss the case as barred by the statute of limitations.

and without factual support. *See Iqbal*, 556 U.S. at 678 (explaining that "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief). Therefore, Plaintiff will be given leave to clarify the nature of his ADA claim and to support that claim with truthful factual allegations.

**C. State Law Claims**

Liberally construing the Complaint, Plaintiff may have claims for violations of state law, such as false arrest and emotional and mental distress. Pending amendment, as set forth in this Memorandum and Order, the court may choose to exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367.

## IV. REQUEST FOR APPOINTMENT OF COUNSEL

In his Complaint, Plaintiff requests appointment of counsel. (Filing No. 1 at CM/ECF p. 6.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's request for appointment of counsel is denied.

2. The following Defendants and claims shall be dismissed or proceed further as specified below:

a. Defendant Lincoln Police Department is dismissed from this case without prejudice because it is a non-suable entity;

b. Plaintiff is granted leave to file an amended complaint to state a cognizable claim against the City of Lincoln and Lincoln Police Officers James, Sundermeier, Parker, Hein, Ripley, Messersmith, and Kounovsky in their official capacities *if factually supported*;

c. For purposes of initial review only, Plaintiff has stated viable Fourth Amendment claims against Lincoln Police Officers James, Sundermeier, Parker, Hein, Ripley, Messersmith, and Kounovsky in their individual capacities;

d. Plaintiff is given leave to file an amended complaint containing a clear explanation of the nature of his claims that Defendants violated the ADA, supported by specific and truthful factual allegations.

3. Plaintiff shall have until **November 8, 2018**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

4. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint ([Filing No. 1](Filing No. 1)) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

5. The clerk of the court is directed to set a pro se case management deadline using the following text: **November 8, 2018**: check for amended complaint.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 9th day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge