IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT EARL CLAYBORNEJR., <br><br> Plaintiff, <br><br> vs. <br><br> PARKER, Officer, #1577, Individuidal capacity and official capacity; JAMES, Sgt, #1370, Individuidal capacity and official capacity; CHAD HEIN, Officer, #1552, Individuidal capacity and official capacity; RIPLEY, Officer, #1256, Individuidal capacity and official capacity; MESSERSMITH, Officer, #1568, Individuidal capacity and official capacity; KOUNOVSKY, Officer, #1593, Individuidal capacity and official capacity; and SUNDERMEIER, Captain, #717, Individuidal capacity and official capacity; <br><br> Defendants. | 8:17CV481 <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the court upon review of Plaintiff's Amended Complaint. (Filing No. 13.) For the reasons explained below, Plaintiff's Fourth Amendment claims will be permitted to proceed to service of process.

## I. BACKGROUND

On December 18, 2017, Plaintiff, an inmate currently confined at the Tecumseh State Correctional Institution, filed this action against the City of Lincoln, Nebraska ("City of Lincoln"); the City of Lincoln Police Department ("Lincoln Police Department"); and several City of Lincoln Police Officers in their

individual and official capacities. ([Filing No. 1](#).) Plaintiff alleged that he was subject to an unreasonable search and seizure and excessive force in violation of his rights under the 4th and 14th Amendments and also cited to the Americans with Disabilities Act ("ADA"), [42 U.S.C. §§ 12101-12213](#), as legal authority for his claims.

This court conducted an initial review of Plaintiff's Complaint on October 9, 2018. ([Filing No. 12](#).) The court dismissed Plaintiff's claims against the Lincoln Police Department as it is not a suable entity and concluded that Plaintiff had stated viable Fourth Amendment claims against Lincoln Police Officers James, Sundermeier, Parker, Hein, Ripley, Messersmith, and Kounovsky in their individual capacities. However, the court determined that Plaintiff had failed to state a claim against the City of Lincoln or the Lincoln Police Officers in their official capacities and also failed to state a claim under the ADA. The court granted Plaintiff leave to file an amended complaint with respect to his official-capacity and ADA claims and ordered that Plaintiff's Fourth Amendment claims against the officers in their individual capacities would proceed to service of process only after Plaintiff had an opportunity to amend his Complaint.

Plaintiff filed his Amended Complaint on October 22, 2018. ([Filing No. 13](#).)

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint names as Defendants City of Lincoln Police Officers Parker, James, Hein, Ripley, Messersmith, Kounovsky, and Sundermeier in their individual capacities only. Again, Plaintiff claims that he was subjected to an unreasonable search and seizure and excessive force in violation of his rights under the 4th and 14th Amendments. (*Id.* at CM/ECF p. 3.) Specifically, Plaintiff alleges:

> Lincoln Police forced entry & conspired to force entry inside my home to arrest me without an arrest warrant or search warrant

> supported with probable cause or oath or affirmation, particular[ly] describing the place to be searched & person to be seized, or without consent or exigent circumstances as a mental[ly] disabled Adult and placed me in detention in the Lancaster County Jail on Dec[ember] 27[,] 2011 between 3[:]28am and 4:00am in Lincoln[,] NE.

(*Id*. at CM/ECF p. 5.) Plaintiff also alleges the Defendants deprived him of his "civil right to due process as a mentally disabled adult under the [ADA]." (*Id*. at CM/ECF p. 3.)

Plaintiff seeks monetary damages for a number of alleged harms including "physical injury of restraint of liberty[,] . . . pain and suffering[,] mental distress, false arrest and unlawful detention." (*Id*. at CM/ECF p. 6.)

### III. DISCUSSION

Plaintiff's Amended Complaint essentially restates the allegations of his original Complaint but omits his claims against the City of Lincoln and the Lincoln Police Officers in their official capacities. Plaintiff only seeks relief against Lincoln Police Officers Parker, James, Hein, Ripley, Messersmith, Kounovsky, and Sundermeier in their individual capacities for the alleged Fourth Amendment violations and for an alleged violation of the ADA.

With respect to his ADA claim, Plaintiff's Amended Complaint suffers from the same defect as the original Complaint. Plaintiff has failed to plausibly allege the elements of a claim under the ADA or to set forth any factual support for such a claim. Accordingly, Plaintiff's ADA claim is dismissed without prejudice.[1]

---

[1] To the extent Plaintiff seeks to allege a due process claim, the bare allegation that the Defendants violated his due process rights fails to state a plausible claim for relief. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) (In order to state a procedural due process claim, a plaintiff must allege that (1) he suffered a deprivation of a constitutionally protected interest in life, liberty, or property, and (2) such deprivation occurred without due process of law.). First, if Plaintiff is alleging the Defendants deprived him of process due under the ADA, such claim fails as Plaintiff has not alleged a plausible ADA claim. Second, if Plaintiff is complaining of the

In accordance with the court's October 9, 2018 Memorandum and Order on initial review, the court finds that Plaintiff's Fourth Amendment claims, restated in the Amended Complaint, may now proceed to service of process against Lincoln Police Officers Parker, James, Hein, Ripley, Messersmith, Kounovsky, and Sundermeier in their individual capacities.

IT IS THEREFORE ORDERED that:

1. Plaintiff's ADA claims are dismissed without prejudice.

2. The clerk of court shall change the case caption to reflect that Defendants Parker, James, Hein, Ripley, Messersmith, Kounovsky, and Sundermeier are sued in their individual capacities only and to correct the spelling of "individual."

3. Plaintiff's Fourth Amendment claims against Defendants Parker, James, Hein, Ripley, Messersmith, Kounovsky, and Sundermeier in their individual capacities may proceed to service of process. The clerk of court is directed to obtain the last known addresses for Defendants Parker, James, Hein, Ripley, Messersmith, Kounovsky, and Sundermeier from the Marshals Service for service of process on them in their individual capacities.

4. Upon obtaining the necessary addresses, the clerk of court is directed to complete and issue summonses for Defendants Parker, James, Hein, Ripley, Messersmith, Kounovsky, and Sundermeier in their individual capacities at the addresses provided by the Marshals Service. The clerk of court is further directed to deliver the summonses, the necessary USM-285 Forms, the Complaint (filing no. 1), the Amended Complaint (filing no. 13), a copy of the court's previous memorandum and order on initial review (filing no. 12), and a copy of this order to

---

deprivation of his liberty based on the Defendants' alleged warrantless seizure of Plaintiff, such claim is encompassed within his Fourth Amendment claim.

the Marshals Service for service of process on Defendants Parker, James, Hein, Ripley, Messersmith, Kounovsky, and Sundermeier in their individual capacities. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).[2]

5. The clerk of court is directed to file under seal any document containing the last known addresses for Defendants Parker, James, Hein, Ripley, Messersmith, Kounovsky, and Sundermeier.

6. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

8. The clerk of court is directed to set the following pro se case management deadline: **February 13, 2019**: check for completion of service of process.

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

Dated this 15th day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge