IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT EARL CLAYBORNE JR., | **8:17CV481** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| PARKER, Officer, #1577, Individual Capacity; JAMES, Sgt, #1370, Individual Capacity; CHAD HEIN, Officer, #1552, Individual Capacity; RIPLEY, Officer, #1256, Individual Capacity; MESSERSMITH, Officer, #1568, Individual Capacity; KOUNOVSKY, Officer, #1593, Individual Capacity; and SUNDERMEIER, Captain, #717, Individual Capacity; | |
| Defendants. | |

This matter is before the court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss"). ([Filing No. 30](#).) For the reasons explained below, the Motion to Dismiss will be granted.

## I. BACKGROUND

On December 18, 2017, Plaintiff, an inmate currently confined at the Tecumseh State Correctional Institution, filed this action against the City of Lincoln, Nebraska ("City of Lincoln"); the City of Lincoln Police Department ("Lincoln Police Department"); and several City of Lincoln Police Officers in their individual and official capacities. ([Filing No. 1](#).) Plaintiff alleged that he was subject to an unreasonable search and seizure and excessive force in violation of his rights under the Fourth and Fourteenth Amendments and also cited to the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, as legal authority for his claims.

The court conducted an initial review of Plaintiff's Complaint on October 9, 2018. (Filing No. 12.) The court dismissed Plaintiff's claims against the Lincoln Police Department as it is not a suable entity and concluded that Plaintiff had stated viable Fourth Amendment claims against Lincoln Police Officers James, Sundermeier, Parker, Hein, Ripley, Messersmith, and Kounovsky in their individual capacities. However, the court determined that Plaintiff had failed to state a claim against the City of Lincoln or the Lincoln Police Officers in their official capacities and also failed to state a claim under the ADA. The court granted Plaintiff leave to file an amended complaint with respect to his official-capacity and ADA claims and ordered that Plaintiff's Fourth Amendment claims against the officers in their individual capacities would proceed to service of process only after Plaintiff had an opportunity to amend his Complaint.

Plaintiff filed his Amended Complaint on October 22, 2018. (Filing No. 13.) Plaintiff's Amended Complaint names as Defendants City of Lincoln Police Officers Parker, James, Hein, Ripley, Messersmith, Kounovsky, and Sundermeier in their individual capacities only. Again, Plaintiff claims that he was subjected to an unreasonable search and seizure and excessive force in violation of his rights under the Fourth and Fourteenth Amendments. (*Id.* at CM/ECF p. 3.) Specifically, Plaintiff alleges:

> Lincoln Police forced entry & conspired to force entry inside my home to arrest me without an arrest warrant or search warrant supported with probable cause or oath or affirmation, particular[ly] describing the place to be searched & person to be seized, or without consent or exigent circumstances as a mental[ly] disabled Adult and placed me in detention in the Lancaster County Jail on Dec[ember] 27[,] 2011 between 3[:]28am and 4:00am in Lincoln[,] NE.

(*Id.* at CM/ECF p. 5.) Plaintiff also alleges the Defendants deprived him of his "civil right to due process as a mentally disabled adult under the [ADA]." (*Id.* at CM/ECF p. 3.)

Plaintiff seeks monetary damages for several alleged harms, including "physical injury of restraint of liberty[,] . . . pain and suffering[,] mental distress, false arrest and unlawful detention." (*Id.* at CM/ECF p. 6.)

Upon review of Plaintiff's Amended Complaint, the court dismissed Plaintiff's ADA claims but permitted Plaintiff's Fourth Amendment claims to proceed to service of process. (Filing No. 14.)

On February 22, 2019, Defendants filed the instant Motion to Dismiss Plaintiff's Amended Complaint (filing no. 30) and a brief (filing no. 31). Defendants contend that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and that it is further barred by the statute of limitations. (Filing No. 31.) On March 5, 2019, Plaintiff filed his brief in opposition (filing no. 37) and an Index of exhibits (filing no. 38), which included a 2010 decision from the Social Security Administration, Office of Disability Adjudication and Review, finding that Plaintiff was "disabled" from March 10, 2008 through March 26, 2010. Defendants filed a reply brief (filing no. 40) on March 14, 2019.

## II. STANDARD OF REVIEW

Defendants' Motion to Dismiss relies on Fed. R. Civ. P. 12(b)(6). "[W]hen it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (quoting *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985)). And the court may also consider some information which is not contained within the complaint, such as materials that are part of the public record and materials that are necessarily embraced by the pleadings, without transforming the motion into one for summary

judgment. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombl*y, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendants move to dismiss Plaintiff's Amended Complaint because it fails to state a claim upon which relief can be granted and is further barred by the statute of limitations. (Filing No. 31.) Because the statute of limitations may be dispositive of the Motion to Dismiss, the court addresses this threshold issue first.

"The applicable state law statute of limitations governs § 1983 claims." *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir. 2007) (affirming dismissal). In Nebraska, § 1983 actions are limited by a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); *Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904, 912-13 (D. Neb. 2004); Neb. Rev. Stat. § 25-207; *Bauers v. City of Lincoln*, 245 Neb. 632, 647, 514 N.W.2d 625, 633 (Neb. 1994) (relying on *Bridgeman v. Nebraska State Pen.*, 849 F.2d 1076, 1077 (8th Cir. 1988)). Plaintiff's Amended Complaint states that the events giving rise to his claims occurred on December 27, 2011 (filing no. 13 at CM/ECF p. 5; filing no. 14 at CM/ECF pp. 2-3), about six years before Plaintiff filed his initial Complaint (filing no. 1) on December 18, 2017. Thus, from the face of the Amended Complaint, it appears that the limitation period has run. Accordingly, Plaintiff's claims are barred by the statute of limitations unless Plaintiff can demonstrate a basis for tolling the statute.

Nebraska's tolling statute, Neb. Rev. Stat. § 25-213, provides that the limitations period may be tolled where a person is suffering from a "mental disorder" or is imprisoned. Neb. Rev. Stat. § 25-213. A "mental disorder," as used in Neb. Rev. Stat. § 25-213, is a condition rendering a plaintiff "incapable of understanding his legal rights or instituting legal action," or "evaluat[ing] and communicat[ing] information necessary to protect [his] rights." *Montin*, 636 F.3d at 413 (quoting *Kraft v. St. John Lutheran Church*, 414 F.3d 943, 948 (8th Cir. 2005)); *see also Vergara v. Lopez-Vasquez*, 1 Neb. App. 1141, 1147, 510 N.W.2d 550, 554 (1993) (holding that the change in the statutory language from "insanity" to "mental disorder" did not change the legal standard involved and that "a person with a mental disorder is one who suffers from a condition of mental derangement which actually prevents the sufferer from understanding his or her legal rights or from instituting legal action"). In addition, the Nebraska courts have interpreted section 25-213 to mean that a term of imprisonment does not toll the limitations period absent "a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights." *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996); *see also Martin v. Nebraska Dep't of Corr. Staff*, No. 8:17CV250, 2017 WL 4862772, at *1 (D. Neb. Oct. 26, 2017).

Plaintiff's Amended Complaint alleges that he is "mentally disabled" and that Defendants' actions "aggravate[ed]" his "mental disorder of [d]epression, [a]nxiety, [b]ipolar[,] [and] anger." (Filing No. 13 at CM/ECF pp. 3, 6.) In his brief in opposition to the Motion to Dismiss, Plaintiff argues that he qualifies for tolling because, "at the time of the claim or cause of action[,] he was afflicted with mental disorder[s] [namely, bipolar disorder and depressive disorder] resulting in a legal disability which prevented him from protecting his rights." (Filing No. 37 at CM/ECF pp. 3-4.)

The court finds that Plaintiff's disorders were not the type of mental disorders that are contemplated by Neb. Rev. Stat. § 25-213 because they did not render him incapable of understanding his legal rights or instituting legal action. *See Montin*, 636 F.3d at 413; *Kraft*, 414 F.3d at 948 *Vergara*, 1 Neb. App. at 1147, 510 N.W.2d

at 554. Indeed, Plaintiff's Amended Complaint identifies a federal civil rights action that he filed while incarcerated and during the limitations period applicable here: *Clayborne v. Franks et al.*, 8:15-cv-00198-RGK-PRSE (D. Neb.). (Filing No. 13 at CM/ECF p. 11.) Furthermore, the court takes judicial notice, based on its query in the CM/ECF electronic filing system, that Plaintiff filed several other federal actions, including appeals to the Eighth Circuit, while incarcerated and during the limitations period applicable here.[1] *See Clayborne v. Parker et al.*, 4:13-cv-03145-JMG-PRSE (D. Neb.); *Clayborne v. Lancaster Cnty. et al.*, 8:15-cv-00144-RGK-PRSE (D. Neb.); *Clayborne v. State of Nebraska*, 8:15-cv-00378 (D. Neb.). This establishes that Plaintiff had access to the courts within the four-year statute of limitations and that imprisonment and his alleged mental disorders were not barriers to filing an action regarding his 2011 arrest. Plaintiff's multiple filings in this case further confirm that imprisonment was not a barrier to filing a lawsuit within the four-year limitations period. The court finds that Plaintiff's imprisonment and his alleged mental disorders did not, in a legal sense, render him incapable of understanding his legal rights and acting to protect them. *See Kraft*, 414 F.3d at 948.

The court acknowledges that, to prove he qualifies for tolling based upon a "mental disorder," Plaintiff has submitted a 2010 decision from the Social Security Administration, Office of Disability Adjudication and Review, finding that he has "depressive disorder, bipolar disorder, and personality disorder" and was "disabled" from March 10, 2008 through March 26, 2010 based on these mental impairments. (Filing No. 37 at CM/ECF pp. 4-6; Filing No. 38 at CM/ECF pp. 10-14.) Even if the court were to convert Defendants' Motion to Dismiss into one for summary judgment and consider this additional evidence proffered by Plaintiff of his mental impairments, such evidence would fail to raise a triable issue of fact as to whether

---

[1] The court's consideration of these cases does not convert the Motion to Dismiss into one for summary judgment because, under the law of the Eighth Circuit, a court may take judicial notice of judicial opinions and public records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005); *see also Stahl v. United States Dep't of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) (taking judicial notice of public records, and considering such materials in a motion to dismiss).

Plaintiff had a "mental disorder" as contemplated by Neb. Rev. Stat. § 25-213 during the relevant statute of limitations period. As an initial matter, the Social Security Administration's determination of "disability" does not establish per se that Plaintiff had a "mental disorder" under Nebraska's tolling statute. The Social Security Administration defines "disability" as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." (Filing No. 38 at CM/ECF p. 10.) This contrasts with the interpretation of "mental disorder" as used in Neb. Rev. Stat. § 25-213, set forth above. Furthermore, the limitations period applicable here did not begin until 2011; thus, a Social Security Administration decision covering a period before 2011 is questionably relevant. Nonetheless, the Social Security Administration decision indicates that Plaintiff was able to represent himself in the disability determination hearing, after knowingly waiving his right to counsel. (Filing No. 38 at CM/ECF pp. 10-14.) This evidence suggests that, although he qualified as "disabled" under the Social Security Act, his disabilities did not render him incapable of understanding his legal rights and acting to protect them. *See Kraft*, 414 F.3d at 948.

Plaintiff's Amended Complaint (filing no. 13) shows on its face that the statute of limitations had run by the time he filed suit. Because Plaintiff cannot demonstrate a basis for tolling the limitations period under Neb. Rev. Stat. § 25-213, the court will grant Defendants' Motion to Dismiss (filing no. 30). Accordingly, this action will be dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (filing no. 30) is granted.

2. Plaintiff's Amended Complaint (filing no. 13) is dismissed with prejudice.

3.  A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 28th day of May, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge