IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT EARL CLAYBORNE JR., <br><br> Plaintiff, <br><br> vs. <br><br> PARKER, Officer, #1577, Individual Capacity; JAMES, Sgt, #1370, Individual Capacity; CHAD HEIN, Officer, #1552, Individual Capacity; RIPLEY, Officer, #1256, Individual Capacity; MESSERSMITH, Officer, #1568, Individual Capacity; KOUNOVSKY, Officer, #1593, Individual Capacity; and SUNDERMEIER, Captain, #717, Individual Capacity; <br><br> Defendants. | 8:17CV481 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on the Motion for Transcripts (filing no. 58) and Motion for Extension (filing no. 59) filed by Plaintiff.

## I. MOTION FOR TRANSCRIPTS

Plaintiff asks the court to "order the Clerk of Court to send [him] all documents, evidence, and orders and transcripts of proceedings in this docket number so [he] can perfect [his] brief." (Filing No. 58.) The court notes that copies of all the court's Memorandum and Orders were mailed to Plaintiff. (*See* Docket Sheet.) In addition, counsel for Defendants certified that copies of Defendants' Motion to Dismiss, Brief in Support of Motion to Dismiss, and Reply Brief in Support of Motion to Dismiss were sent to Plaintiff by U.S. mail. (Filing No. 30 at CM/ECF p. 2; Filing No. 31 at CM/ECF p. 7; Filing No. 40 at CM/ECF p. 5.)

Thus, Plaintiff should already have copies of all court orders and documents filed by Defendants.

To the extent Plaintiff seeks copies of his own documents filed with the court, Plaintiff did not ask the undersigned judge for the return of his original documents prior to submitting them to the clerk's office for filing nor did Plaintiff provide a self-addressed, stamped envelope for the return of his original documents in accordance with the court's local rules. *See* NECivR 5.1(f). In addition, Plaintiff has not submitted payment for the cost of making copies, and Plaintiff does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (providing that a court may authorize the commencement of a suit "without prepayment of *fees or security therefor*") (emphasis added); *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir.1973)). If Plaintiff requires copies of court documents, he should contact the clerk's office to determine the proper method of requesting and paying for copies. Plaintiff's Motion for Transcripts is, therefore, denied.

## II. MOTION FOR EXTENSION

Plaintiff requests an extension to September 1, 2019, to pay his initial partial appellate filing fee of $5.28. (Filing No. 59.) Plaintiff's motion is granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Transcripts (filing no. 58) is denied.

2

2. Plaintiff's Motion for Extension ([filing no. 59](#)) is granted. Plaintiff shall have until **September 3, 2019**,[1] to pay his initial partial appellate filing fee of $5.28.

3. The clerk's office is directed to set the following pro se case management deadline: **September 3, 2019**: initial partial appellate filing fee due.

Dated this 16th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] September 1, 2019 is a Sunday and September 2, 2019 is a holiday, so the court has given Plaintiff until Tuesday, September 3, 2019 to pay his initial partial appellate filing fee.